## CIRCUIT COURT OF FAIRFAX COUNTY

Thornber

v.

Ballard

February 28, 1992

Case No. (Law) 105009

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on plaintiff's Motion to Strike the defendant's defense as a result of the defendant invoking the Fifth Amendment privilege against self-incrimination to certain interrogatories. As set forth more fully below, the Motion is granted.

In the Motion for Judgment, plaintiff alleges that the defendant, while acting as his attorney, committed malpractice and breached a fiduciary duty. Specifically, of $70,000 which plaintiff entrusted to the defendant's care, $37,957 has been lost through defendant's negligence, error and omissions. In his Answer, defendant denies these allegations. Although the defendant has responded through interrogatories that he received $50,000 from the plaintiff, he refuses to answer on the ground of privilege the specific interrogatories which pertain to the question of whether there were any funds remaining in the trust account after considering the disbursements which can be accounted for, and if so, what happened to that balance.

A party in a civil action may invoke the Fifth Amendment privilege. *See generally North American Mortgage Investors v. Pomponio*, 219 Va. 914 (1979). A party is required, though, to respond to interrogatories. *See* Rule 4:8. Pursuant to Code § 8.01–401, if any party who is required by another to testify on his behalf refuses to testify, the court may strike out and disregard the plea, answer, or other defense of such party as justice may require.

The interrogatories to which defendant has asserted the Fifth Amendment privilege in this case are those which concern the basis

for the denial of the factual allegations in the Motion for Judgment. *See generally Davis v. Davis*, 233 Va. 452, 457 (1987) (limiting application of the statute to a failure to answer questions pertinent to the issues involved). By refusing to answer these interrogatories, the defendant has brought himself under the ambit of Code § 8.01–401(B) and the discretion the Court has in fashioning remedies during discovery. *See Jewell v. Ferrell & Assoc.*, 17 Va. Cir. 372, 373 (1989). Without the answers, plaintiff will be unable to adequately prepare for trial due to a lack of knowledge of the factual basis for defendant's defense to the allegations. *See generally Gutierrez-Rodriquez v. Cartagena*, 862 F.2d 553, 557 (1st Cir. 1989) (a defendant may not use the Fifth Amendment to shield herself from the opposition's inquiries only to impale her accusers with surprise testimony at trial).

The Court finds that for this reason, that the defendant's defense should be stricken and grants the plaintiff's Motion to Strike.