# CIRCUIT COURT OF FAIRFAX COUNTY

Rolando Xinic

v.

James Quick et al.

November 14, 2005

Case No. (Law) 2004-226030

BY JUDGE RANDY I. BELLOWS

This matter is before the Court on Defendants' motion to compel Plaintiff to provide full and complete answers to Defendants' interrogatories and requests for production of documents. The parties submitted briefs and agreed to have this motion decided on the papers without the need for oral argument.

The Court has considered the briefs submitted and finds that Defendants' motion to compel answers to interrogatory number one should be denied; Defendants' motion to compel the production of documents number one should also be denied; and Plaintiff's motion to compel answers to interrogatory number four should be granted.

## I. Immigration Status

Interrogatory number one asks for Plaintiff's current legal status and residency status in the United States. Request for production of documents number one asks for documentation of Plaintiff's legal status in the United States.

Plaintiff objects to interrogatory number one and request for production of document number one arguing that this information is irrelevant. Alternatively, Plaintiff invokes his Fifth Amendment rights against self incrimination.

Defendant argues that this information is reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant argues that Plaintiff's legal status is relevant as to whether Plaintiff is proscribed from making a workers' compensation claim because of his legal status.

A. *Relevance*

Plaintiff argues that his legal status is irrelevant to whether he can make a workers' compensation claim because Virginia Code defines an "employee" as every person, including aliens and minors, in the service of another under any contract of hire . . . whether lawfully or unlawfully employed. . . ." Va. Code Ann. § 65.2-101.

While an "alien" is an "employee" under the Workers' Compensation Act, an illegal alien cannot be included in this definition without subverting federal immigration policy. *See Rios v. Ryan, Inc. Cent.*, 35 Va. App. 40, 46, 542 S.E.2d 790 (2001). Essentially, Plaintiff's argument that he is entitled to make a workers' compensation claim, even if he is an illegal alien, is "foreclosed by federal immigration policy, as expressed by Congress in the Immigration Reform and Control Act of 1986 ("IRCA")." *Hoffman Plastic Compounds v. NLRB*, 535 U.S. 137, 140, 122 S. Ct. 1275, 152 L. Ed. 2d 271 (2002).

The Immigration Reform and Control Act of 1986 ("IRCA") was enacted to stop undocumented aliens from entering the country by subjecting employers who use illegal labor to both civil and criminal penalties. It effectively makes it "impossible for an undocumented alien to obtain employment in the United States without some party directly contravening explicit congressional policies." *Hoffman*, 535 U.S. at 148.

In 2002, the Supreme Court emphasized the importance of IRCA, and its enforcement, explaining that even where an illegal alien suffered an intentional wrong at the hands of his employer, to award the illegal alien "not only trivializes the immigration laws, it also condones and encourages future violations." *Id.* at 150. In *Hoffman*, the Court held that the National Labor Relations Board may never order remedial backpay where the victim of an unfair labor practice is an undocumented worker. *Id.*

Plaintiff's current legal status is potentially dispositive as to whether he may recover under the Virginia Workers' Compensation Law. As such, discovery of Plaintiff's status is highly relevant.

## B. *Fifth Amendment*

Finding that the discovery sought in interrogatory number one and request for production of document number one to be relevant, the Court now proceeds to analyze Plaintiff's alternative assertion of his Fifth Amendment privilege against self-incrimination.

In the Supreme Court's landmark case of *Fisher v. United States*, the Court held that "the Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a testimonial communication that is incriminating." 425 U.S. 391, 408, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976).

For this Court to compel Plaintiff to answer interrogatory number one and request for production of document number one could necessarily require him to make an incriminating testimonial communication depending on his legal status. This is proscribed by the Fifth Amendment and cannot be done.

Accordingly, while the Court finds the discovery sought in interrogatory number one and request for production of document number one to be relevant, Defendants' motion to compel will be denied.

Prior to 2001, Virginia Courts were likely to strike the pleadings based on the "sword and shield" doctrine where a party asserted a Fifth Amendment privilege not to answer interrogatories. *See Jewell v. Ferrell & Assocs.*, 17 Va. Cir. 372 (1989); *Thornber v. Ballard*, 28 Va. Cir..76, 76-77 (1992). However, § 8.01-223.1 of the Virginia Code has been held to supercede the "sword and shield" doctrine. *Travis v. Finley*, 36 Va. App. 189, 198, 548 S.E.2d 906 (2001). Section 8.01-223.1 provides that "in any civil action the exercise by a party of any constitutional protection shall not be used against him." Va. Code Ann. § 8.01-223.1.

### *II. Bank Account Information*

Interrogatory number four requests Plaintiff to provide all accounts with financial institutions including account numbers. Plaintiff also objects to interrogatory number four arguing that this information is not relevant.

Defendants counter that this information is relevant because Plaintiff has recently filed supplemental tax returns, arguably intending to bolster a "lost wages" claim by adding employers and supplementing income that was previously unreported.

Defendants' argument is well taken and Defendants motion to compel a full and complete answer to interrogatory number four will be granted.

*III. Conclusion*

This Court finds that Defendants' motion to compel answers to interrogatory number one is denied; Defendants' motion to compel production of documents related to Plaintiff's legal status in the United States is also denied; and Defendants' motion to compel answers to interrogatory number four is granted.